USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 2/20/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGIN ENTERPRISES LIMITED,

Plaintiff,

-v-

VIRGIN OIL TRADING COMPANY LIMITED,

Defendant.

No. 08 Civ. 8056 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

WHEREAS Plaintiff commenced this action on September 17, 2008 by filing a summons and complaint; and

WHEREAS Plaintiff served a copy of the Summons and Complaint on Defendant on September 26, 2008 and filed proof of service with the Court on September 26, 2008; and

WHEREAS as of the date of this Order, it appears that Defendant has failed to answer Plaintiff's complaint; and

WHEREAS the Clerk of the Court issued the attached notice of Defendant's default on February 4, 2009; and

WHEREAS Plaintiff submitted the attached affidavits and exhibits in support of its application for an entry of a default judgment on February 20, 2009;

IT IS HEREBY ORDERED that, by March 10, 2009, Defendant shall show cause, in writing, as to why a default judgment should not be entered against it pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure; and

IT IS FURTHER ORDERED that, on March 13, 2009 at 11:00 a.m., Defendant shall appear before this Court at the United States District Courthouse for the Southern District of New York, 500 Pearl Street, Room 21C, New York, New York, in order to show cause as to why a default judgment should not be entered against it due to its failure to respond to Plaintiff's Complaint; and

IT IS FURTHER ORDERED that Plaintiff shall serve a copy of this Order on Defendant, including all attachments, by February 27, 2009; and

IT IS FURTHER ORDERED that Plaintiff subsequently file an affidavit of service with this Court.

SO ORDERED.

Dated: February 20, 2009
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORIGINAL

VIRGIN ENTERPRISES LIMITED,

Plaintiff,

- against -

VIRGIN OIL TRADING COMPANY LIMITED,

Defendants.

ECF CASE

08 Civ 8056 (RJS)

## DECLARATION OF JAMES W. DABNEY

1. My name is James W. Dabney. I am a member of the Bar of this Court and of the firm of Fried, Frank, Harris, Shriver & Jacobson LLP, and counsel for plaintiff Virgin Enterprises Limited ("VEL") in this action. I have personal knowledge of the matters stated in this declaration.

2. Annexed hereto as Exhibit 1 is a file-stamped copy of the Complaint in this action filed September 17, 2008.

3. Annexed hereto as Exhibit 2 is an Affidavit of Service on Defendant dated September 26, 2008.

4. Annexed hereto as Exhibit 3 are copies of correspondence that our office received from an attorney for the Defendant.

5. Defendant's Answer was due to be served on or before October 16, 2008. Defendant has not answered the Complaint, and its time for doing so has expired.

6. Annexed hereto as Exhibit 4 is Clerk's Certificate dated February 4, 2009, noting Defendant's default.

7. Annexed hereto as Exhibit 5 is a proposed form of Default Judgment awarding the declaratory and injunctive relief prayed for in paragraphs (i)-(vi) of the Complaint and directing an inquest into VEL's remaining prayers for relief.

8. Legal argument in support of the proposed form of Default Judgment is set forth in the accompanying memorandum of law.

I, JAMES W. DABNEY, declare under perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: New York, New York
February 19, 2009

James W. Dabney

7187161

ZARWIN • BAUM • DEVITO
KAPLAN • SCHAER • TODDY • P.C.
ATTORNEYS AT LAW

**NORMAN P. ZARWIN**
npzarwin@zarwin.com

October 8, 2008

Mitchell Epner, Esquire
Fried, Frank, Harris Shriver & Jacobson
One New York Plaza
New York, NY 10004-1980

Re: Virgin Enterprises, Ltd. v. Virgin Oil Trading Company, Ltd.
Our File No. 23780

Dear Mr. Epner:

My client, Virgin Oil Trading Company, forwarded me the Complaint which is being reviewed and I will let you know my client's position with regard to the matter shortly.

Very truly yours,

NORMAN P. ZARWIN

NPZ/gd
cc: Virgin Oil Trading Company

1515 MARKET STREET • 12TH FLOOR • PHILADELPHIA, PA 19102-1981 • (215) 569-2800 • FAX (215) 569-1606 • WWW.ZARWIN.COM
PENNSYLVANIA OFFICES: BETHLEHEM • CONSHOHOCKEN • NEW JERSEY OFFICES: JERSEY CITY • LINWOOD • MARLTON

ZARWIN • BAUM • DEVITO
KAPLAN • SCHAER • TODDY • P.C.
ATTORNEYS AT LAW

**NORMAN P. ZARWIN**
npzarwin@zarwin.com

October 13, 2008

**Fax: 212-859-4000**

Mitchell Epner, Esquire
Fried, Frank, Harris Shriver & Jacobson
One New York Plaza
New York, NY 10004-1980

Re: Virgin Enterprises, Ltd. v. Virgin Oil Trading Company, Ltd.
Our File No. 23780

Dear Mr. Epner:

After speaking with my client, I learned the trade name, Virgin Oil Trading Company, Ltd., was registered by my client's father in the British Virgin Islands in the year 2000. In addition, a similar filing was made in Pennsylvania in the year 2006. Another filing was made for the State of Delaware.

My client's business has been retail gas stations in New Jersey though there may have been oil trading in the past.

Since my client has discontinued his retail businesses in New Jersey, that name is not presently being utilized.

However, perhaps Branson would like to purchase my client's trade name in which event the case could be simply resolved. Let me know.

In any event, prior to filing the lawsuit, did you or your client write to my client about this matter which would have avoided litigation?

Cordially yours,

NORMAN P. ZARWIN

NPZ/gd
cc: Virgin Oil Trading Company, Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VIRGIN ENTERPRISES LIMITED, Plaintiff, - against - VIRGIN OIL TRADING COMPANY LIMITED, Defendant. | : | 08 Civ 8056 (RJS) ECF Case **CLERK'S CERTIFICATE** |

I, J. Michael McMahon, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action was commenced on September 17, 2008, with the filing of a complaint. The summons and complaint were served on defendant Virgin Oil Trading Company Limited, on September 26, 2008 and proof of such service was filed with this Court on September 26, 2008.

I further certify that the docket entries indicate that defendant Virgin Oil Trading Company Limited has not appeared in this action and its time for doing so has expired. The default of defendant Virgin Oil Trading Company Limited is hereby noted.

Dated: New York, New York
February 4, 2009

Clerk of the Court J. Michael McMahon

By: ______________________
Deputy Clerk

555580.1

**ORIGINAL**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VIRGIN ENTERPRISES LIMITED,<br>Plaintiff,<br>- against -<br>VIRGIN OIL TRADING COMPANY LIMITED,<br>Defendant. | **ECF CASE**<br>08 Civ 8056 (RJS) |

## MEMORANDUM IN SUPPORT OF ORDER TO SHOW CAUSE

Virgin Enterprises Limited ("VEL") respectfully moves this Court, pursuant to Federal Rule of Civil Procedure of 55(c), for an Order directing defaulting defendant Virgin Oil Trading Company Limited ("Defendant") to appear and show cause why the Court should not enter judgment (i) declaring Defendant's liability to VEL for the claims stated in the Complaint; (ii) awarding permanent injunctive relief against Defendant; and (iii) directing that an inquest be made into plaintiff's prayers for attorneys' fees and monetary relief.

**Factual Background**

This is an action for trademark infringement and related torts. VEL is the owner of numerous registrations of trademarks and service marks that comprise the word VIRGIN (Complaint ¶ 21). By reason of more than 35 years of continuous and substantially exclusive use, advertising, and promotion in association with a broad range of goods and services (e.g., VIRGIN ATLANTIC travel-related services, VIRGIN MEGASTORE retail stores, VIRGIN MOBILE wireless services), the VIRGIN mark has received judicial recognition as a "famous, arbitrary, and distinctive mark." Virgin Enters. Ltd. v. Nawab, 335 F.3d 141, 146 (2d Cir. 2003) (Leval, J.) (reversing denial of preliminary injunction and directing issuance of a preliminary injunction). See also Virgin Enters. Ltd. v. Virgin Petroleum, Inc., No. 99-CV-12826, 2000 U.S.

Dist. LEXIS 8100, at *39 (C.D. Cal. Jan. 19, 2000) ("the VIRGIN mark is arbitrary, strong, and entitled to broad protection.").

Defendant is a corporation organized and existing under the laws of Delaware, having its principal place of business located in Langhorne, Pennsylvania (Complaint ¶ 2). Beginning at a time unknown to VEL, but long after VEL commenced use of VIRGIN in association with diverse businesses, products, and services offered in interstate commerce, Defendant adopted and commenced use of the name VIRGIN OIL TRADING COMPANY in connection with retail petroleum distribution services rendered in interstate commerce in at least New York and New Jersey (Complaint ¶ 23). The conduct of Defendant was likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with VEL, or as to the origin, sponsorship, or approval by VEL of Defendant's services or commercial activities (Complaint ¶ 24). The conduct of Defendant was also likely to dilute the distinctive quality of VEL's famous VIRGIN mark (Complaint ¶ 32).

Shortly following service of the Complaint, an attorney for Defendant, Norman P. Zarwin, Esq., advised that his client had "discontinued his retail business in New Jersey" and suggested that "perhaps Branson would like to purchase my client's trade name" (see Declaration of James W. Dabney, sworn to February 19, 2009, Ex. 3). Subsequently, on October 30, 2008, the parties conferred by telephone as required by Federal Rule of Civil Procedure 26(f). Defendant's counsel indicated that Defendant would not make any discovery to VEL but likely would allow a default judgment to be entered. Defendant has since defaulted.

On or about November 6, 2008, VEL served a document subpoena (the "Subpoena") on Defendant's former supplier, Getty Petroleum Marketing, Inc. ("Getty"), seeking "all documents related to Virgin Oil Trading Company Limited." On November 21, 2008, Getty responded to the Subpoena and produced a small quantum of documents indicating that Defendant and Getty had terminated certain franchise agreements as of October 21, 2008; however, Getty did not produce any correspondence or records of transactions between itself and Defendant. The

sufficiency of Getty's objections to the Subpoena is currently the subject of a letter application to United States Magistrate Judge Ellis.

## ARGUMENT

A Court "may issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction." Virgin Enters. Ltd. v. Enom, Inc., No. 08-CV-0328(JGK)(THK), 2008 WL 4054418, at *2 (S.D.N.Y. Aug. 18, 2008) (quoting Pitbull Prods., Inc. v. Universal Netmedia, Inc., No. 07-CV-1784(RMB)(GWG), 2007 WL 3287368, at *5 (S.D.N.Y. Nov. 07, 2007)); DCH Auto Group (USA) Inc. v. Fit You Best Auto, Inc., No. 05-CV-2973, 2006 WL 279055, at *8 (E.D.N.Y. Jan. 10, 2006) (quoting Kingvision Pay-Per-View, Ltd. v. Batista, No. 05-CV-0614, 2005 WL 2999427, at *5 (E.D.N.Y. Oct. 6, 2005)).

By its default in this action, Defendant is deemed to have admitted "all of the well-pleaded allegations in plaintiff's complaint pertaining to liability." DCH Auto Group, 2006 WL 279055, at *9. Defendant is thus deemed to have admitted that its use of VIRGIN OIL TRADING COMPANY was likely to cause confusion, mistake, or deception of consumers and to dilute the distinctive quality of the VIRGIN mark. These admitted facts clearly establish liability for infringement of the VIRGIN mark and a basis for declaratory and injunctive relief. See Malletier v. Burlington Coat Factory Warehouse Corp., 426 F.3d 532, 537 (2d Cir. 2005) ("In trademark disputes, a showing of likelihood of confusion establishes ... irreparable harm.") (internal citations and quotations omitted); Nawab, 335 F.3d at 152 ("as a matter of law, plaintiff demonstrated irreparable harm and likelihood of success on the merits and was entitled to a preliminary injunction").

With regard to VEL's prayers for attorneys' fees and monetary relief, VEL respectfully suggests that the Court should refer the case to United States Magistrate Judge Ellis for an inquest on those prayers. Documents held by Defendant's former supplier, Getty, are believed

likely to lead to discovery of evidence relevant to, among other things: (i) the magnitude of Defendant's infringement; (ii) whether this case should be deemed "exceptional" within the meaning of 15 U.S.C. § 1117; and (iii) the identity of persons who are or may be jointly and severably liable for the competitive torts that Defendant committed. Cf. Tiffany (NJ) Inc. v. eBay, Inc., 576 F. Supp. 2d 463, 502 (S.D.N.Y. 2008) (identifying legal standard for contributory infringement).

## CONCLUSION

For the reasons set forth above the Court should issue the Order to Show Cause requested by Plaintiff.

Dated: New York, New York
February 19, 2009

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

By: ______________________
James W. Dabney
Ron Lazebnik

One New York Plaza
New York, New York 10004-1980
(212) 859-8000
james.dabney@friedfrank.com
ron.lazebnik@friedfrank.com

Attorneys for Plaintiff

7203993