UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 3/13/09

VIRGIN ENTERPRISES LIMITED,

Plaintiff,

-v-

VIRGIN OIL TRADING COMPANY LIMITED,

Defendant.

No. 08 Civ. 8056 (RJS)
DEFAULT JUDGMENT AND ORDER

RICHARD J. SULLIVAN, District Judge:

On September 17, 2008, Plaintiff commenced this action by filing a Summons and Complaint. On September 26, 2008, Plaintiff served a copy of the Summons and Complaint to Defendant, and filed proof of service on the same date. Defendant has failed to answer or appear in this action. On February 20, 2009 the Court issued an Order to Show Cause as to why default judgment should not be entered against Defendant, directing it to submit a written response by March 10, 2009, and to appear for a hearing on March 13, 2009. Plaintiff served Defendant with the Court's February 20, 2009 Order on February 24, 2009, and filed proof of service with the Court on February 26, 2009. As of the date of this Order, Defendant has not made any submission to the Court, and failed to appear at the March 13, 2009 hearing.

"Entry of a default judgment is appropriate when the 'adversary process has been halted because of an essentially unresponsive party.'" *Cadlerock Joint Venture, L.P. v. Prado*, No. 07 Civ. 1207 (JS) (WDW), 2008 WL 4561611, at *2 (E.D.N.Y. Oct. 7, 2008) (quoting *Dae Woo Kim v. City of New York*, No. 90 Civ. 1487 (KMW), 1990 WL 83465, at *2 (S.D.N.Y. June 13, 1990)); *see also Ontel Prods. Corp. v. Amico Int'l. Corp.*, No. 07 Civ. 7356 (JGK) (FM), 2008 WL 4200164, at *1

(S.D.N.Y. Aug. 19, 2008). By failing to respond or appear in the current action, the Court finds that Defendant has defaulted.

Accordingly, it is HEREBY ORDERD that Defendant is liable to Plaintiff for registered trademark and service mark infringement, in violation of 15 U.S.C. § 1125(a), dilution under 15 U.S.C. § 1125(c), dilution under N.Y. Gen. Bus. Law. § 360-1, and unfair competition and misappropriation under New York common law.

It is FURTHER ORDERED that Defendant, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently enjoined and restrained from using, registering, or maintaining any trade name, trademark, service mark, domain name, or other designation that comprises the word "VIRGIN."

It is FURTHER ORDERED that Defendant or any Third Party served with this Order comply with Plaintiff's subpoena.

It is FURTHER ORDERED that Plaintiff submit a letter, to be *received* by the Court no later than Wednesday, May 13, 2009, informing the Court whether Plaintiff intends to seek damages in this case, and if so, whether an inquest is necessary.

SO ORDERED.

Dated: March 13, 2009
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE